# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PERRY T. HILL,

    Plaintiff,

v.

DR. MICHAEL KOEHN, et al.,

    Defendants.

Case No.: 3:17-cv-00501-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    It is recommended that this action be dismissed due to Plaintiff's failure to prosecute or further participate in this litigation.

## I. BACKGROUND

    Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC) when he filed this action, but was since released on parole. He is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are (former) ESP Dr. Michael Koehn, (former) NDOC Director James Dzurenda, and (former) NDOC Medical Director Dr. Romeo Aranas. Defendant Timothy Filson was dismissed without prejudice for failure to serve him under Rule 4(m). (ECF No. 27.)

    Plaintiff alleges that on March 12, 2015, he was placed on a prescription of albuterol inhalers to control his severe chronic asthma. On November 16, 2015, he was transferred to

administrative segregation at ESP due to an incident involving fighting. After that, he alleges that Dr. Koehn discontinued his inhaler prescription. He continually attempted to fill his albuterol inhalers, but was told that Dr. Koehn had discontinued them. On February 1, 2017, he experienced a severe asthma attack, which sent him to the ESP medical department for breathing treatment. He continued to experience asthma attacks for several months until Greg Martin, N.P., placed Plaintiff back on a prescription for albuterol inhalers. He alleges that Dzurenda and Dr. Aranas refused to assist him with his chronic asthma.

On screening, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim based on these allegations. (ECF No. 3.)

On May 3, 2019, Defendants filed a motion for summary judgment, arguing Dr. Koehn was not deliberately indifferent to his serious medical needs, and that Dr. Aranas and Dzurenda were not direct participants in Plaintiff's care. (ECF No. 28.) As of September 23, 2019 (well past the deadline), Plaintiff had not filed a response, and the court gave Plaintiff an extension of 20 days to file a response. (ECF No. 34.) No response was forthcoming. On October 18, 2019, the court issued an order denying the motion for summary judgment without prejudice and gave Plaintiff fourteen days to file and serve a notice of intent to prosecute this action and a response to the pending motion for summary judgment. He was cautioned that a failure to do so would result in a recommendation that this action would be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 35.) To date, Plaintiff has not filed a notice of intent to prosecute, or anything else that would evidence an intent to participate in this litigation. Therefore, the court recommends that this action be dismissed with prejudice.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions

in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). the court apprised of his current address may result in dismissal of the action.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: November 12, 2019.

_____
William G. Cobb
United States Magistrate Judge

4